JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK      14 CV 5180
-------------------------------------------------------------- x
ANDREW TORRES,

                        Plaintiff,          **COMPLAINT**

      -against-           Jury Trial Demanded

CITY OF NEW YORK; Police Officer AHSAN
ZAFAR, Shield No. 3773; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                    Defendants.
-------------------------------------------------------------- x

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Andrew Torres ("plaintiff" or "Mr. Torres") is a resident of Bronx County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Ahsan Zafar, Shield No. 3773 ("Zafar"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zafar is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 10:00 p.m. on August 9, 2013, plaintiff was lawfully present in the vicinity of 860 Bryant Avenue in Bronx, New York.

14. Suddenly, a defendant officer grabbed Mr. Torres and violently slammed him to the ground.

15. Defendants then punched and kicked Mr. Torres in the face.

16. In the assault, plaintiff suffered a right mandibular angle fracture and a left mandibular parasymphysis fracture, requiring surgery and the insertion of stainless steel wiring throughout the jaw.

17. Following the surgery and an approximately four-day hospital stay, plaintiff was placed on a liquid diet for several months with his jaw wired shut.

18. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

19. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

20. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered, *inter alia*, emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

## FIRST CLAIM
### Unreasonable Force

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

27. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

28. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring, Training and Retention

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

31. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

32. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

33. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force or failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

37. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

38. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force or failing to prevent other defendants from doing so, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

42. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

43. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:    July 10, 2014
          New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Gabriel Harvis
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    gharvis@hwandf.com

                                    *Attorneys for plaintiff*